# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2022

Lyle W. Cayce
Clerk

No. 22-50784
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Lee Ruth,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CR-1251-3

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Joshua Lee Ruth appeals the district court's denial of his objection to the magistrate judge's order of detention pending trial. He argues that he was denied due process because the district court did not allow him the opportunity to be heard and present new evidence. He asserts that all his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50784

codefendants were granted release on bond and that no evidence suggested that he was more culpable than them.

Absent an error of law, we will uphold a district court's decision on pretrial detention "if it is supported by the [district court] proceedings." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (internal quotation marks and citation omitted). The district court had the discretion to decide whether to hold a hearing as part of its de novo review of the magistrate judge's detention order. *See United States v. Hensler*, No. 94-50042, 1994 WL 83436, at *2 (5th Cir. Feb. 24, 1994) (unpublished but precedential per 5TH CIR. R. 47.5.3). Ruth has not shown that the district court erred by performing its de novo review through consideration of the pleadings and evidence without a hearing. *See id.*

Additionally, the district court's decision was based on reasons that included the seriousness of Ruth's alleged offenses, the evidence of his guilt, and the length of the sentence he faces if convicted. Ruth makes no argument disputing those reasons. He fails to show that the district court's decision is not supported by the evidence as a whole. *See Rueben*, 974 F.2d at 586.

AFFIRMED.